1

2

**E-Filed 03/30/11**

3

4

5

6

## IN THE UNITED STATES DISTRICT COURT

7

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

## SAN JOSE DIVISION

9

10

| | |
|---|---|
| DPIX, LLC | Case Number 5:10-CV-03438 JF (PSG) |
| Plaintiff, | **ORDER[1] DENYING MOTION TO CHANGE VENUE** |
| v. | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY | Re: Docket No. 21 |
| Defendants. | |

11

12

13

14

15

16

17

18

19

        On November 3, 2009, Plaintiff dpiX, LLC ("dpiX") filed the instant action in the Santa

20

Clara Superior Court against Defendants American Guarantee and Liability Insurance Company

21

("American Guarantee"), and Zurich American Insurance Company ("Zurich"), alleging breach

22

of contract and breach of the implied covenant of good faith and fair dealing.  Defendants

23

subsequently removed the action to this Court, and they now move to transfer the action to the

24

District of Colorado.  For the reasons set forth below, the motion will be denied.

25

26

27

28

        [1] This disposition is not designated for publication in the official reports.

# I. BACKGROUND

dpiX is a Delaware corporation whose principal place of business is in Palo Alto, California.  Compl. ¶ 1.  Defendants American Guarantee and Zurich, both of which are New York corporations whose principal place of business is in Illinois, issue and service insurance policies in Santa Clara County, California.  *Id.* ¶ 2; Defs.' Notice of Removal ¶ 5.  Zurich is the parent company of American Guarantee.  Compl. ¶ 2.

Defendants issued an insurance policy ("the Policy") to dpiX at its headquarters in Palo Alto, California, pursuant to which Defendants agreed to pay for any damage to property located at various dpiX premises covered by the Policy.  *Id.* ¶¶ 8, 11.  The Policy was negotiated and was intended to be performed in California.  Pl.'s Opp'n at 4.  Its coverage limit was $150,000,000. Compl. ¶ 11.  dpiX alleges that while the Policy was in force, one of its facilities in Colorado suffered direct physical damage in an amount yet to be determined.  *Id.* ¶ 13.  It alleges that it reported the damage to Defendants in a timely manner and provided them with all information and documentation required by the Policy.  *Id.*  Defendants allegedly refused to pay for the damage, claiming that it fell within the Policy's "contamination exclusion" and may have occurred before the Policy was issued.  *Id.* ¶ 14.

# II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), a change of venue is proper if the court determines that the action "might have been brought" in the transferee court, and the convenience of the parties and witnesses in the interests of justice favor transfer.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  Once the court finds that the first prong of the § 1404(a) analysis is satisfied, it has discretion to engage in an "individualized, case-by-case consideration of convenience and fairness" based on factors such as (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the

costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  The moving party bears the burden of showing that the convenience of the parties and witnesses in the interest of justice favor transfer.  *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

### III. DISCUSSION

**A.     The Convenience of the Parties and Witnesses in the Interest of Justice Do Not Favor Transfer**

The instant action clearly satisfies the first prong of the § 1404(a) analysis.  An action "might have been brought" in the transferee court for the purposes of § 1404(a) if it could have been initiated in that district.  *Hatch*, 758 F.2d at 414.  The instant action could have been initiated in the District of Colorado because it is founded solely on diversity of citizenship, and because a substantial part of the events or omissions giving rise to it occurred in Colorado, where the damaged facilities are located.  *See* 28 U.S.C. § 1391(a)(2).  However, as discussed below, Defendants' showing of inconvenience is insufficient to overcome the strong deference owed to dpiX's choice of forum.

1. Plaintiff's Choice of Forum

A defendant "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also Center for Biological Diversity v. Lubchenco*, No. C-09-4087 EDL, 2009 WL 4545169, at *4 (N.D. Cal. 2009) (noting that "[u]nless the balance of the § 1404(a) factors weighs heavily in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed").  The presumption in favor of the plaintiff's choice of forum is especially strong when the plaintiff brings the action in its home state.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).

Defendants argue that dpiX's choice of forum should be given minimal consideration because "only dpiX headquarters are located in California," and thus, "California has little, if

any, connection to the action." Defs.' Mot. at 4.  This argument is unpersuasive.  Courts in the Ninth Circuit give less deference than normally is accorded to a plaintiff's choice of forum only when the plaintiff is not a resident of its chosen forum or when it has no contacts with its chosen forum.  *See, e.g., Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998); *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).  Neither of those situations is present here, as dpiX's principal place of business is in Palo Alto, California.  Accordingly, its choice to litigate in California is entitled to strong deference.[2]

### 2. California's Interest in the Instant Action

Defendants allege that Colorado is a more appropriate forum because the damaged property at issue is located there.  Although the location of the damaged property obviously is relevant to the transfer inquiry, it does not control.  Here, dpiX is a California resident, and California has a "strong interest in providing an effective means of redress for its residents when their insurers refuse to pay claims." *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1401 (9th Cir. 1986).  Moreover, the Ninth Circuit has held that in breach of contract cases, the location of a contract's intended performance is critical in determining the appropriate venue. *See Decker Coal,* 805 F.2d at 842.  In *Decker Coal*, the Ninth Circuit held that the most proper venue is the place of intended performance rather than the place of repudiation, as the former is determined at the inception of the contract and thus allows the parties to anticipate where they may sue or be sued.  *Id.*

### 3. Contacts with California

As noted, dpiX's principal place of business is in California.  Although Defendants' principal place of business is in Illinois, both Defendants have regular and ongoing contacts with California, as they issue and service insurance policies and maintain an agent for service of process in this state.  Pl.'s Opp'n at 12.

---

[2] dpiX alleges that it did not object to Defendants' removal of the instant action from the Superior Court to this district because the action remained in its home state.  Pl.'s Opp'n at 3, n.1.

#### 4. Difference In Litigation Costs

Defendants argue that litigating the instant action in this district will require them to "travel across the country," which will be costly and inconvenient because their offices are in Illinois. Defs.' Mot. at 5. However, Defendants do not provide any estimates of this asserted difference in costs, and it is apparent that many of the traditional costs of litigation have been affected by the availability of modern technologies such as electronic case filing and telephonic appearances.

#### 5. Access to Witnesses and Sources of Proof

Defendants argue that the potential witnesses in this case, who include the employees and experts who repaired and assessed dpiX's damaged building, reside primarily in Colorado. Defs.' Mot. at 5. Defendants allege that "travel to depositions will be difficult to schedule because of the time and expense [these] witnesses will have to incur to appear" in California. *Id.* at 6. Defendants also argue that documents relevant to the history of the damaged property are located in Colorado. *Id.*

While these arguments are not insubstantial, they do not tip the balance in Defendants' favor. First, not all of the percipient witnesses to this action are located in Colorado. Witnesses to the negotiation of the Policy, Defendants' alleged denial of coverage, and damages allegedly incurred by dpiX as a result of Defendants' alleged breach of contract are located in California. Pl.' Opp'n at 1-2. The fact that a number of admittedly important liability witnesses are located in Colorado is not enough to overcome the strong presumption in favor of dpiX's choice of forum. *See Decker Coal*, 805 F.2d at 843 (finding the argument that a breach of contract action should be transferred to the location where liability witnesses reside unpersuasive when the damage witnesses reside in the plaintiff's chosen forum). Transferring the instant action to Colorado would "merely shift rather than eliminate the inconvenience" to the parties. *Id.*

Second, fact witnesses who reside in Colorado need not travel to California (other than for trial) if they do not wish to do so, as dpiX intends to travel to Colorado depose them if their testimony is necessary. Pl.'s Opp'n at 7. Finally, any documentary evidence currently located in Colorado can be sent to California with relative ease, especially if it is sent electronically. *See,*

*e.g.*, *Center for Biological Diversity v. Lubchenco*, No. C-09-4087 EDL, 2009 WL 4545169, at *3 (N.D. Cal. 2009) (denying transfer under § 1404(a) in part because "documentary evidence is easily transported to any venue, in this era of electronic communication").

### ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the Defendants' motion to transfer the instant action to the District of Colorado is DENIED.


DATED:  03/30/11

_____
JEREMY FOGEL
United States District Judge

Case No. 5:10-CV-03438 JF (PSG)
ORDER DENYING MOTION TO CHANGE VENUE
(JFEX1)