Randy M. Hess, Esq. (SBN 88635)
rhess@ahk-law.com
Pamela A. Bower, Esq. (SBN 151701)
pbower@ahk-law.com
ADLESON, HESS & KELLY, PC
577 Salmar Avenue, Second Floor
Campbell, California 95008
Telephone: (408) 341-0234
Facsimile: (408) 341-0250

Attorneys for Plaintiff
dpiX, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| dpiX, LLC,<br><br>　　　Plaintiff,<br><br>vs.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, ZURICH NORTH AMERICA, ZURICH AMERICAN INSURANCE CORPORATION, ZURICH AMERICAN INSURANCE GROUP, and DOES 1 through 50, inclusive,<br><br>　　　Defendants. | Case No.: C10-03438 EJD<br><br>**STIPULATION FOR ENTRY OF ORDER REGARDING PROTECTED MATERIAL** |

IT IS HEREBY STIPULATED between and among the parties, through their respective counsel of record, that on approval of this Court the following Protective Order may be entered:

　　1.　　<u>Defined Terms:</u>　　The term "document" shall mean and include:

　　　　　(a)　　The "original," and "duplicates," as defined in Federal Rules of Evidence Rule 1001(1), including copies and drafts thereof;

　　　　　(b) Writings and recording as defined in Federal Rules of Evidence Rule 1001(1), and includes letters, words, or numbers, or their equivalent, set down by

1 handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical
2 or electronic recording or other form of data compilation, including emails or any other
3 information stored in electronic format; and

4     (c) Photographs as defined in Federal Rules of Evidence Rule 1001(2); and
5 includes still photographs, video tapes, and motion pictures.

6     2. <u>Scope of Order:</u> This Order shall govern the handling of all documents
7 produced and testimony given in this action designated as Protected Material (and labeled
8 "Confidential"). This will include documents containing confidential financial information,
9 proprietary information, information subject to trade secret protection or other privacy
10 protection.

11     3. <u>Labeling of Protected Material:</u> Any party producing or filing a document in this
12 action may obtain treatment for such document or its contents as Protected Material, as
13 defined in Paragraph 5, by typing or stamping on the document, or on its cover, or on the
14 portion of the document for which protection is desired, the word "Confidential." In the case
15 of a document or documents produced in electronic format, a party may obtain treatment for
16 such documents as confidential by typing or stamping the word "Confidential" on the material,
17 or on the label of the disk containing such material. Any printed version of the material will be
18 deemed Confidential, whether or not the documents printed from such disk bear that stamp.
19 However, a party shall designate a document as "Confidential" only if it, in good faith, makes
20 a determination that such information may contain or reveal trade secrets, commercially
21 sensitive or proprietary materials that the designating party has maintained in confidence, is
22 under an obligation to maintain in confidence, or, if newly created, will maintain in confidence.

23     4. <u>Use of Protected Material at Deposition:</u> Whenever any documents or
24 transcripts afforded protection pursuant to this Order are introduced as exhibits in connection
25 with a deposition given in this action, subject to the provisions in paragraph 6 below, counsel
26 introducing such exhibits shall advise the court reporter that the portions of the testimony
27 which refer to such exhibits and the exhibits themselves shall be afforded protection pursuant
28 to this Order. The reporter shall transcribe the testimony so designated, attach the

ADLESON, HESS &
KELLY, APC
577 Salmar Ave, 2n Fl.
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case #: C10-03438 EJD      STIPULATION FOR ENTRY OF ORDER RE PROTECTED MATERIAL

2

confidential exhibits to which the testimony refers, and mark the face of the bound transcript with the words "Confidential Pursuant to Court Order" or "Confidential." Any portion of any transcript or any exhibit so marked shall be lodged under seal with the Clerk of the Court if it is required to be lodged, pursuant to paragraph 9 herein.

5. <u>Persons to Whom Protected Material May be Disclosed:</u> Except by prior Court order or the prior written consent of the party or person designating the document or transcript as "Confidential," no document so designated, and no information contained in or derived from any such document, shall be disclosed to any person other than:

(a) Counsel for the respective parties to this litigation;

(b) Employees of such counsel, including secretaries, legal assistants, and consultants or experts retained to assist such counsel in this litigation;

(c) Employees, officers, agents or authorized representatives designated by a party receiving "Confidential" materials to review such materials on its behalf and any reinsurers; and

(d) The respective consultants retained by the parties to this litigation having knowledge of the subject matter of the Protected Material.

Before disclosure of any Protected Material is made to any of the persons identified above, that person shall be advised that the Protected Material is being disclosed pursuant and subject to the terms of this Protective Order and agree that the Protected Material may not be disclosed other than pursuant to the terms of the Protective Order. Counsel shall maintain a list of all designated employees of the parties and all consultants to whom disclosure is made and shall make the list available for inspection by counsel for other parties on request. Further, any party accessing electronic material produced in this action with a label marked "Confidential" and/or with password protection and/or encryption agrees that the Protected Material viewed, printed, or used electronically will be treated as protected pursuant to this Protective Order and agrees that the material may not be disclosed other than pursuant to the terms of the Protective Order.

ADLESON, HESS & KELLY, APC
177 Salmar Ave., 2d Fl.
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case #: C10-03438 EJD    STIPULATION FOR ENTRY OF ORDER RE PROTECTED MATERIAL

3

6. <u>Use of Protected Material:</u>

Any document or transcript designated "Confidential," or any information therein, shall be used solely for the purpose of prosecution and/or defense of this litigation, including but not limited to preparing for and conducting mediation, pretrial and/or trial proceedings in this action, and shall not be utilized for any other purpose whatsoever. No person receiving Protected Material shall disclose it to any person other than those described in paragraph 5 above and then solely for the express purposes set forth in this Protective Order.

7. <u>Written Authorization Required for Disclosure to Others:</u> Counsel desiring to disclose Protected Material to persons other than those specifically identified in Paragraph 5 shall make a written request on each of the other counsel (the "Request"). If the other counsel do not object in writing within five (5) court days of receipt of the Request, counsel seeking such disclosure may reveal Protected Material to the persons identified in the Request only after such persons have been fully advised as to the contents of this Order and have agreed that the Protected Material may not be disclosed other than pursuant to the terms of the Protective Order. If any of the other counsel object in writing within five (5) court days of receiving the Request to the disclosure of Protected Material to the persons identified in the Request, then disclosure to such persons shall only be made by order of this Court after a properly noticed motion.

8. <u>Labeling of Protected Material Provided to the Court:</u> If any counsel lodges, files with or submits to the Court any (a) documents or transcripts afforded protection pursuant to this Order, or (b) any information derived from such documents, transcript, or information, or (c) papers containing or summarizing such documents, transcripts, or information, then such counsel shall comply with this Order, including paragraph 9 of the same, and such documents shall be lodged or filed in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

<u>"CONFIDENTIAL</u>

This envelope contains documents that are subject to an Order governing the use of Protected Material entered by the Court in this action. This envelope shall not be opened nor

the contents thereof displayed or revealed except by Order of this Court. Violation of this Order may be regarded as contempt of the Court."

9. <u>Filing Protected Material</u>:

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

10. <u>Objections to Confidential Designation:</u> If a party objects to the designation of a document or transcript as "Confidential" and thus entitled to protection under this Order, it shall notify the party seeking protection in writing. Within a reasonable time after receiving such written notice, but not to exceed ten (10) court days, the party seeking protection may apply to the Court by noticed motion for a ruling that the document or transcript shall be treated as Protected Material pursuant to the terms of this Order. Pending the outcome of the application, the document or testimony shall be afforded the protection described in Paragraph 5.

11. <u>Disposal of Protected Material at Conclusion of Litigation:</u> Within ninety (90) days of the conclusion of this litigation (that is, upon its final dismissal or judgment), all copies of all documents or transcripts designated "Confidential" or "Confidential Pursuant to Court Order" [other than those filed with the Court] shall either be destroyed or returned to the party or person furnishing them. In addition, all copies of all summaries or other materials containing or disclosing information contained in documents or transcripts designated "Confidential" or "Confidential Pursuant to

ADLESON, HESS & KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM

Case #: C10-03438 EJD   STIPULATION FOR ENTRY OF ORDER RE PROTECTED MATERIAL

5

1 | Court Order" shall be either destroyed or returned to the party or person furnishing them.

2 | This Order shall continue to be binding after the conclusion of this litigation, except that, unless otherwise ordered by this Court, there shall be no restriction on documents or transcripts that are (a) used as exhibits and/or offered into evidence in the trial of this action, and (b) not covered by any subsequent and inclusive confidentiality order.

Dated: Aug 22, 2011

ADLESON, HESS & KELLY, PC

By: *(signature)*
RANDY M. HESS
PAMELA A. BOWER

Dated: 8-19-11

BISHOP BARRY DRATH

By: *(signature)*
JONATHAN GROSS
VIVIAN LERCHE

**IT IS SO ORDERED.**

Dated: 9/8/2011

*(signature)*
MAGISTRATE JUDGE PAUL S. GREWAL
UNITED STATES DISTRICT COURT

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2D Fl
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case #: C10-03438 EJD   STIPULATION FOR ENTRY OF ORDER RE PROTECTED MATERIAL

6